**In re Joseph BRESLER, Debtor.**

**Nathan WINTER, Plaintiff,**

v.

**Joseph BRESLER, Defendant.**

**Bankruptcy No. 184–41010.**
**Adv. No. 184–0144.**

United States Bankruptcy Court,
E.D. New York.

April 1, 1985.

Jonathan David Bachrach, New York City, for plaintiff.

Amos Alter, Feder, Kaszovitz, Issacson, Weber & Skala, New York City, for defendant.

DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

This is a motion by a Chapter 7 debtor to dismiss an adversary proceeding brought by a creditor objecting to the debtor's discharge pursuant to 11 U.S.C. § 727 for failure to state facts upon which relief can be granted. The motion is granted.

I

FACTS

Joseph Bresler filed a voluntary Chapter 7 petition in bankruptcy on June 19, 1984.

D.N.J.1981); *In re Williams,* 3 B.R. 401 (Bkrtcy. N.D.Ga.1980).

On June 25, 1984 a notice was sent fixing the first meeting of creditors for July 19, 1984 and setting September 19, 1984 as the last date for filing objections to discharge and to determine the dischargeability of a debt. The first meeting of creditors began on July 19, 1984 and was closed on August 30, 1984.

On September 19, 1984 Nathan Winter, the plaintiff herein, instituted adversary proceedings objecting to the debtor's discharge pursuant to 11 U.S.C. § 727. The complaint stated that the grounds for the denial of a discharge are that the debtor failed to reply to the plaintiff's request for documents and materials and that the first meeting of creditors and the examination of the debtor has not been completed.

## II

## ISSUE

Does the complaint allege any grounds on which the debtor's discharge should be denied pursuant to 11 U.S.C. § 727?

## III

## DISCUSSION AND CONCLUSIONS OF LAW

The debtor is required to turnover books and records to the trustee under 11 U.S.C. § 521. In this case there is no indication that the debtor failed to do so, nor was there an order entered directing him to turnover his books and records with which the debtor failed to comply.

■ Section 727(a) of the Bankruptcy Code requires the court to grant a debtor a discharge unless one of the ten enumerated grounds for denial of a discharge is found. Subsection 727(a)(3) provides that one ground for denial of a discharge is that:

the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case....

No such allegation appears in the complaint. The mere failure of the debtor to provide the creditor his books and records for examination does not constitute a violation of that section of the Code. There is no allegation in the complaint which falls within the purview and intent of § 727(a)(3). Thus, there is no ground for the denial of the discharge insofar as such issue is concerned.

The plaintiff further complains that the meeting under § 341 has not been completed. That is not so. The hearing under that section was closed on August 30, 1984 after plaintiff had full opportunity to examine the debtor or even to have had it adjourned for that purpose. The plaintiff could also have applied for and examined the debtor under Bankruptcy Rule 2004. This he did not do.

■ Finally, the plaintiff alleges that he is concerned about the fact that at the § 341 hearing, the debtor testified to a transfer of property to his wife. This court has received from the attorney for the debtor a copy of a deed which reflects a transfer of real property from the debtor to his wife on July 9, 1980, recorded in the office of the Kings County Clerk on July 10, 1980. Inasmuch as that conveyance took place more than one year prior to the filing of the petition for relief in this case on June 19, 1984, such act does not fall within the proscribed acts referred to in 11 U.S.C. § 727(a) as one of the grounds for denial of a discharge.[1]

---

1. Section 727(a) provides in pertinent part:
(a) The court shall grant the debtor a discharge, unless—

. . . . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(A) property of the debtor, within one year before the date of the filing of the petition; or

In light of all the foregoing, the motion to dismiss is granted.

SO ORDERED.

(B) property of the estate, after the date of the filing of the petition;